```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARNESHA BOYKIN,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        14-CV-5581(JS)(ARL)

NASSAU COUNTY SHERIFF DEPT. FAMILY
COURT UNIT; SHARI R. LANDECKER,
Nassau County CPS; and ELLEN R.
GREENBERG, Nassau County Family
Court Judge,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Arnesha Boykin, pro se
                    139-34 253rd Street
                    Rosedale, NY 11422

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 11, 2014, pro se plaintiff Arnesha Boykin ("Plaintiff") filed a Complaint in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Sheriff Department Family Court Unit (the "Sheriff's Department"), Shari R. Landecker, Nassau County CPS ("Landecker"), and Judge Ellen R. Greenberg, Nassau County Family Court ("Judge Greenberg" and collectively "Defendants"), accompanied by an application to proceed in forma pauperis. By Transfer Order dated September 17, 2014, Plaintiff's Complaint was transferred from the Southern District to this Court. (See Docket Entries 3-5.)

Upon review of the declaration in support of her

application to proceed in forma pauperis, this Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1).

Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Sheriff's Department and WITHOUT PREJUDICE as against Landecker and Judge Greenberg pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff alleges that she has been harassed by Judge Greenberg, who is alleged to "ha[ve] turned my life upside down for the past three years." (Compl. at 4.) Plaintiff claims to have challenged a determination by the Hempstead School District ("District") that her twin daughters are disabled. (Compl. at 4.) Plaintiff alleges that such label was assigned to her daughters solely to "bring about extra funding from the government" to the District. (Compl. at 4.) Plaintiff disagreed with that assessment and, in August 2013, moved with her children to Rosedale, Queens, where they were enrolled in P.S. 195. (Compl. at 4.) There, Plaintiff claims that her children were placed in a "normal class setting." (Compl. at 4.) According to the Complaint, Judge Greenberg and unidentified "Nassau officials contact[ed] the school

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

in Queens, [and] my children became special. They all of a sudden had special needs." (Compl. at 4.) Plaintiff claims that her daughters' "medical doctor has not label[ed] them with any of these deficiencies." (Compl. at 4.) Thus, Plaintiff alleges that "[t]hese individuals are trying to add disabilities in order to make money." (Compl. at 4.) Plaintiff then decided to home school her children in January 2014,[2] and, when Judge Greenberg learned about it, "summoned [Plaintiff] to court." (Compl. at 4.) Plaintiff alleges that she slipped and fell on the ice on her way to Court on January 22, 2014 and was taken to Jamaica Hospital. (Compl. at 5.) When Plaintiff failed to appear for Court, Plaintiff claims that "Judge Ellen Greenberg had already sent Nassau County Sheriffs to Rosedale Queens to [a]rrest my daughters and I." (Compl. at 5.)

Plaintiff then "fast forward[s]" to June 16, 2014 when she alleges she was arrested and her children were taken into Nassau County foster care. (Compl. at 5.) Plaintiff alleges that she has not been provided with a copy of the warrant for her arrest and has "had very little contact with [her] daughters since." (Compl. at 5.) According to Plaintiff, she was advised that she

---

[2] Plaintiff alleges that, following an interview with the New York State Home School Department, she was "granted home school on January 13, 2013" (Compl. at 4) but elsewhere refers to related events that are alleged to have occurred in January 2014. (Compl. at 5.) Thus, the Court presumes that the 2013 date is in error and should be January 13, 201<u>4</u>.

3

was arrested because she "failed to send [her] daughters to school" (Compl. at 5) even though Judge Greenberg was aware that she was home schooling her children. Further, Plaintiff alleges that she was told that she was arrested because she has a "BEEF" with Judge Greenberg. (Compl. at 6.)

As a result of the following, Plaintiff seeks an order directing Judge Greenberg to return Plaintiff's children to her. Plaintiff also seeks, inter alia, a monetary damages award of $25 million from Nassau County.[3] (Compl. ¶ V, and at 7.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The

---

[3] The Court notes that Nassau County is not named as a defendant and therefore Plaintiff cannot seek relief against it. See infra p. 7-9.

4

Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

5

> States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against the Sheriff's Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Melendez v. Nassau Cnty., 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against Nassau

County Sheriff's Department because it lacks the capacity to be sued). Thus, Plaintiff's claim against the Sheriff's Department is not plausible because the Sheriff's Department has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE.

However, given Plaintiff's pro se status and affording her Complaint a liberal construction, the Court next considers whether she has alleged a plausible Section 1983 claim against the municipality, Nassau County. For the reasons that follow, the Court finds that she has not. "[A] municipality [such as Nassau County] cannot be held liable under § 1983 on a respondeat superior theory." See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

B. Section 1983 as Construed Against the County of Nassau

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----

7

, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim as construed against Nassau

County.

   C.   Claim Against Landecker

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)) (additional citation omitted). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Landecker. Indeed, though named in the caption, Landecker is not mentioned in the body of the Complaint and there are no allegations of action or inaction attributable to her. Consequently, the Section 1983 claim asserted against

9

Landecker is not plausible and is DISMISSED WITHOUT PREJUDICE.

   D.   Claim Against Judge Greenberg

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citation omitted). The 1996 Congressional amendments to § 1983 also bar injunctive relief and provide that "'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996)).

   Here, Plaintiff seeks only injunctive relief against Judge Greenberg. Such relief is unavailable. Wholly absent from the Complaint are any factual allegations from which the Court could reasonably construe that Judge Greenberg violated a declaratory decree or that declaratory relief was unavailable. Thus, Plaintiff has not alleged a plausible Section 1983 claim against Judge Greenberg and it is thus DISMISSED WITHOUT PREJUDICE.

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a district court should not dismiss a <u>pro se</u> complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND her Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-5581(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed pursuant to 28 U.S.C. § 1915.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Sheriff's Department and WITHOUT PREJUDICE as against Landecker and Judge Greenberg for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is GRANTED LEAVE TO AMEND her Complaint in accordance with this Order. **Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-5581(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  3 , 2015
       Central Islip, New York